**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re

DAVID DUANE JORDAN,

Debtor

Case No. 17-31098-WRS
Chapter 7

SERVISFIRST BANK,

Plaintiff

Adv. Pro. No. 17-3092-WRS

v.

DAVID DUANE JORDAN,

Defendant

**MEMORANDUM DECISION**

This Adversary Proceeding came before the Court for a status hearing on February 11, 2019. Plaintiff ServisFirst Bank was present by counsel Robert P. Reynolds. No other appearances were made. After discussion with counsel for the Bank, the Court advised that it would abstain from further proceedings in this Adversary Proceeding. In light of the Bank's motion to withdraw the reference, and the fact that there will be no adverse party before the District Court, the Court will set out its reasoning for its decision to abstain.

## I. Facts

ServisFirst Bank filed a complaint seeking a determination that the indebtedness owed to it by the Debtor, David Duane Jordan, should be excepted from the Debtor's discharge, pursuant to 11 U.S.C. § 523(a)(2) (Doc. 1). On May 8, 2018, this Court entered a stipulated judgment,

providing that the indebtedness is excepted from the Debtor's discharge, to the extent of $800,000, in accordance with 11 U.S.C. § 523(a)(2)(B) (Doc. 30).

After entry of judgment, the Bank downloaded some forms from the Court's website and began garnishment proceedings.[1] (Docs. 34, 35, 36, 37, 38, 39). The process served here collects from the Debtor's employer at a rate of approximately $600 per month. At this rate, the Bank will be collecting the debt for the rest of the Debtor's life. The Bank next moved for an order of continuing garnishment (Doc. 52), which was denied by this Court's Order of September 1, 2018. (Doc. 55). In this Court's Order of September 17, the Court ordered the Clerk to pay over any funds held for the Bank and further provided that it would abstain from further proceedings in the Bank's efforts to collect its indebtedness and close its case.

The Bank moved to reopen this Adversary Proceeding and to withdraw the reference to the District Court. (Doc. 62). The Court had a colloquy with counsel for the Bank at the February 11 hearing. Counsel advised the Court that the Bank intended to proceed with its motion to withdraw the reference and ask the District Court to continue with garnishment proceedings. This Court is of the view that permitting the Bank to continue its garnishment proceedings in Federal Court in perpetuity is a poor use of both this Court's and the District Court's resources. For this reason, this Court is of the view that both this Court and the District

---

[1] The Bank points out that the Court provides garnishment forms on its website in support of its argument that it should be permitted to garnish the Debtor's wages, for as long as it takes, in Bankruptcy Court. The forms were placed on the Court's website for use by counsel for trustees who are attempting to collect money owed to the estate. The Court did not intend to facilitate the collection of debts privately owed. The Court has removed the forms from its website to prevent further confusion.

Court should abstain. While this Court has abstained from further proceedings, its order of abstention does not bind the District Court.

## II. Issue

**Whether this is an appropriate case for the Bankruptcy Court, and the District Court, to abstain from conducting post-judgment collection proceedings in favor of a private creditor.**

Section 1334(c) of Title 28, U.S.C., provides in part that: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Moreover, Section 1334(d) provides in part that: "(a)ny decision to abstain or not to abstain made under section (c) . . . is not reviewable by appeal or otherwise . . ." Thus, the District Court has the unfettered right to abstain in this proceeding and its decision is not subject to appeal.

In its colloquy with Bank's counsel the Court inquired as to why the Bank is taking this position in light of the District Court's right to abstain under § 1334(d). In response, counsel stated that the District Court has jurisdiction and that it was a court of general jurisdiction, suggesting that the District Court has no choice but to do the Bank's bidding. The Bank is incorrect in its understating of Federal Court jurisdiction in this matter. The District Court's

jurisdiction is defined by 28 U.S.C. § 1334, and it is not a court of general jurisdiction. One should consider the context in which the Bank's lawsuit comes about.

When a debtor, such as Jordan, files a petition in bankruptcy, he does so with the intention of discharging his debts. 11 U.S.C. § 727. A discharge entered by a bankruptcy court is sometimes referred to as a "general discharge," meaning that all of the debts, which are in existence at the time the petition in bankruptcy is filed are discharged. 11 U.S.C. § 727(b). However, the Bankruptcy Code excepts some debts from the debtor's general discharge. 11 U.S.C. § 523. Section 523(a) excepts from discharge 19 enumerated kinds of debts. For example, criminal fines and child support are excepted from the debtor's general discharge. 11 U.S.C. § 523(a)(5), (7).

In the case at bar, the Bank alleged that the indebtedness owed to it by the Debtor should be excepted from discharge pursuant to Sections 523(a)(2)(A), (a)(2)(B) and (a)(6)(excepting from discharge debts arising from fraud, false financial statements, and willful and malicious intent to injure another or his property)(Doc. 1). Without question, the bankruptcy court has jurisdiction to determine whether a debt should be excepted from discharge. *11 U.S.C. § 1334(b); see also Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991)(holding that the bankruptcy court should use the "preponderance-of-the-evidence standard of proof" for determine dischargeability exceptions under § 523(a)).

While the bankruptcy courts have jurisdiction pursuant to 28 U.S.C. § 1334(b) to determine whether a debt is excepted from discharge, the Courts have divided on the question of whether § 1334 provides jurisdiction to enter a money judgment in favor of the creditor in the event the debt is determined to be excepted from discharge. A majority of the Courts which have

ruled on the question have found that a bankruptcy court may enter a money judgment in favor of a creditor. *Kozec v. Murphy (In re Murphy)*, 569 B.R. 402 (Bankr. E.D.N.C. 2017); *Harvey v. Dambowsky (In re Dambowsky)*, 526 B.R. 590 (Bankr. M.D.N.C. 2015); *Chen v. Huang (In re Huang)*, 509 B.R. 742 (Bankr. D. Mass. 2014); *Old Republic Nat'l Title Inso. Co. v. Vermilio (In re Vermilio)*, 457 B.R. 854 (Bankr. M.D. Fla. 2011); *Gradco Corp v. Blankenship (In re Blankenship)*, 408 B.R. 854 (Bankr. N.D. Ala. 2009); *Smith v. Khalif (In re Khalif)*, 308 B.R. 614 (Bankr. N.D. Ga. 2004). However, a vocal minority hold to the contrary. *Cambio v. Mattera (In re Cambio)*, 353 B.R. 30 (1st Cir. BAP 2004); *First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959 (Bankr. D. Colo. 1996); *Porter Capital Corp. v. Hamilton (In re Hamilton)*, 282 B.R. 22 (Bankr. W.D. Ok. 2002). Several bankruptcy courts have taken the position that they have jurisdiction to enter a money judgment but have declined to do so, instead ruling on the dischargeability issues and abstaining from liquidating the indebtedness. *Rutkowski v. Adas (In re Adas)*, 488 B.R. 358 (Bankr. N.D. Ill. 2013)(holding that Seventh Circuit precedent permitted, but did not require, a bankruptcy court to enter a money judgment and declined to enter a money judgment in that case). *Shapiro v. United States (In re Shapiro)*, 188 B.R. 140 (E.D. Penn. 1995)(holding that debt was not dischargeable but abstaining from making a determination as to the amount of the indebtedness). *Park v. Chan (In re Chan)*, No. 06-623, 2008 WL 5428271 (Bankr. E.D. Penn. Dec. 31, 2008)(same).

As neither the Supreme Court nor the United States Court of Appeals for the Eleventh Circuit has ruled on this question, there is no controlling authority here. Moreover, this Court has never published a ruling on the jurisdictional question. Much like the three cases cited immediately above, this Court has, on a number of occasions, abstained from allowing post-

judgment collection proceedings after making a determination that a debt is excepted from the debtor's discharge. The jurisdictional basis for the Bank's request is, as the authorities cited above demonstrate, somewhat shaky. If the bankruptcy courts have jurisdiction to enter a money judgment and not just to make a declaration of dischargeability, then should the debtor have a right to a jury trial? Is the bankruptcy court's § 1334(b) jurisdiction only declaratory as to the question of dischargeability, or is it, as the Bank argues, squarely within its jurisdiction? The plain language of 11 U.S.C. § 523(c) suggests that the court's § 1334(b) jurisdiction is merely declaratory as to the question of discharge.[2] As the District Court has the unfettered and unreviewable right to abstain, in the view of the undersigned, deciding this knotty jurisdictional question does not appear to be "worth the candle."

Regardless of how one comes out on the jurisdictional question, the District Court may, nevertheless, abstain. That is, if the District Court determines that its § 1334(b) jurisdiction extends only to making a declaration of dischargeability, it has no choice but to send the Bank on its way. In the event the District Court concludes that it has jurisdiction not only to determine

---

[2] 11 U.S.C. § 523(c)(1) provides that "(e)xcept as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subjection (a) of this section.

Bankruptcy Rule 4007(a) provides that "A debtor or any creditor may file a complaint to obtain a determination of the dischargeablity of any debt."

The plain language of these two provisions, read together, suggests there is a distinction between a determination of dischargeability and a money judgment. That being said, one might reasonably inquire what is a money judgment but a declaration as to the existence and amount of an indebtedness?

dischargeability but also to enter a money judgment, then it has discretion on the question of whether it should abstain pursuant to § 1334(c)(1).

Even if one assumes that the District Court has jurisdiction to conduct post-judgment proceedings, it should abstain because of the onerous administrative burden an unlimited number of such proceedings, for a nearly unlimited length of time, would place on the bankruptcy or the district courts. Thousands of bankruptcy cases are filed every year. There are nineteen classes of debts which are excepted from the debtor's discharge. § 523(a). If the Bank is correct in its position, any creditor fitting into any of the nineteen categories of nondischargeability would have the unrestricted right to insist that the bankruptcy courts, or the district courts, conduct garnishment and other post-judgment proceedings. It should further be noted that once a debtor has come into bankruptcy court, he would forever (or almost forever) be subject to bankruptcy court processes.[3] There is nothing in the position taken by the Bank which would limit the bankruptcy court's jurisdiction, other than the applicable statute of limitations on the collection of the judgment.[4]

The bankruptcy courts are designed, staffed and funded to hear and determine bankruptcy cases. To be sure, sometimes a trustee or a debtor-in-possession, who acts as a trustee, may obtain a judgment, which is property of a bankruptcy estate. In such cases, the bankruptcy courts permit collection proceedings. But these proceedings are intended to collect property of the

---

[3] It should be noted that three of the nineteen categories of nondischargeability require that the creditor file a complaint contesting the debtor's right to discharge his debt within 90 days of the date of discharge in bankruptcy court. *See*, 11 U.S.C. § 523(c); Rule 4007, Fed. R. Bankr. P. In fact, the Bank's debt here is one of the three § 523(c) categories.

[4] In Alabama, a judgment lives for 20 years. Ala. Code § 6-9-190.

estate for the benefit of all creditors. *See*, 11 U.S.C. §§ 541, 542. In this proceeding, the Bank seeks a wholly private remedy.

In the Bank's Motion to Withdraw the Reference, it alleges that "(b)ecause the Bankruptcy Court has abstained from further proceedings in the Adversary Proceeding and since Plaintiff ServisFirst has been ordered to conduct further postjudgment proceeding in an appropriate court of general jurisdiction, Plaintiff ServisFirst must be allowed to proceed with its collection efforts in the United States District Court or otherwise its judicially-adopted remedies will be foreclosed, resulting in irreparable harm and injury to Plaintiff" (Doc. 62, Exhibit A, para 8). The Bank's claim is without merit. It has an adequate remedy.[5] It may bring a collection action in State Court on its nondischargeable debt. To be sure, the bankruptcy courts have exclusive jurisdiction to determine dischargeability of debts under § 523(a)(2), (4), or (6). However, once a determination of nondischargeability is made, the Bank is free to collect its debt in State Court. The Bank has been given everything it is entitled to here–it is overreaching in its efforts to collect it debt in Bankruptcy Court.

**III. Conclusion**

The undersigned recommends that the District Court deny the Bank's motion to withdraw the reference, leaving this Court's order of abstention in tact. The Bank's argument, that it has a right to collect its judgment in District Court and that if not allowed to do so it is without

---

[5] At the status hearing counsel for the bank argued that it would cost $10,000 or $15,000 to bring such an action. It made no argument in Bankruptcy Court that it would be without a remedy in the court abstained. As a State Court action would be a "walk over" the $15,000 in attorney's fees would be excessive.

remedy, is without merit. The jurisdictional issue here–on the question of whether a bankruptcy court may enter a money judgment in a § 523(a) dischargeability proceeding–is admittedly difficult. The flaw in the Bank's argument on jurisdiction is that it fails to distinguish between the declaration of nondischargeability, which the Federal Courts have jurisdiction to hear pursuant to § 1334(b), and the collection of the underlying indebtedness, which is a separate matter. This is an ideal candidate for abstention, and the undersigned respectfully suggests that the District Court do so.

Done this 20th day of February, 2019.

United States Bankruptcy Judge

c: Robert P. Reynolds, Attorney for Plaintiff
Michael A. Fritz Sr., Attorney for Defendant

**ORDER**

The Clerk is directed to certify copies of this Order, this Court's Memorandum Decision of this date, and the Motion to Withdraw the Reference filed by Plaintiff ServisFirst Bank (Doc. 62).